IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MATTHEW JEWELL                                                                                    PLAINTIFF

      v.                              Civil No. 4:10-cv-04176

FORMER SHERIFF LINDA RAMBO; and
MILLER COUNTY, ARKANSAS                                                                    DEFENDANTS

**MEMORANDUM OPINION**

      Matthew Jewell filed this case pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. The case is before me pursuant to the consent of the parties (ECF No. 9).

      Defendants have filed a motion for judgment on the pleadings (ECF No. 26) pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff did not file a response to the motion. The motion is before me for decision.

**1. Background**

      Plaintiff is currently an inmate in the Arkansas Department of Correction, Pine Bluff Unit. The events that are the subject of this case occurred while Plaintiff was incarcerated in the Miller County Correctional Facility (MCCF). Plaintiff initially named the current Miller County Sheriff, Ron Stovall, as a Defendant. However, after learning Linda Rambo was Sheriff during his incarceration at the MCCF, Plaintiff moved to add her as a Defendant and Sheriff Stovall was dismissed. (ECF Nos. 11 & 18).

      According to the allegations of the complaint (ECF No. 1) and the supplemental complaints (ECF Nos. 12 & 19), on October 27, 2008, Plaintiff was physically assaulted by several fellow inmates who were members of an alleged street gang. (ECF No. 1 at pg. 12). He alleges MCCF

officers identified him as a snitch to other inmates and "broadcasted" that he was a "baby raper." (ECF No. 19 at pg. 2). He further alleges "Defendants further instigated the assault by asking other inmates how much it would cost to have the Plaintiff jumped on." (ECF No. 19 at pg. 2). As a result of the assault, Plaintiff maintains he sustained bruises on his arms, face, and head and injuries to his neck, back, and other areas of his body. (ECF No. 1 at pgs. 6-7). He also alleges that after the assault he was "anxious and terrified that the inmates would beat" him again. (ECF No. 1 at pg. 4).

Plaintiff maintains Defendants created a hostile and unsafe housing environment at the MCCF. (Doc. 1 at pg. 12). He further He alleges the Defendants are "directly responsible for the authorization of the physical attack[]." (Doc. 1 at pg. 7).

### 2. Applicable Standard

On a motion for judgment on the pleadings, a court applies the same standard as in a 12(b)(6) motion for failure to state a claim. *Glover v. Merck & Co., Inc.*, 345 F. Supp. 2d 994, 996 (D. Minn. 2004)(*citing St. Paul Ramsey County Medical Ctr. v. Pennington County, S.D.*, 857 F.2d 1185, 1187 (8th Cir. 1988)). Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1940 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 129 S. Ct. at 1949). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is

liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

### 3.  Defendants' Arguments

Defendants move for judgment in their favor first arguing that Plaintiff has failed to allege facts sufficient to have put Defendants on notice of any threat to his safety resulting in the attack. Second, they maintain any injuries suffered by the Plaintiff are *de minimis* and not actionable under § 1983.  Third, they argue any official capacity claims must fail because the complaint is devoid of any alleged custom or policy of Miller County which resulted in a violation of Plaintiff's rights.

### 4.  Discussion

Plaintiff's claims based on attacks by fellow detainees are considered to be failure to protect claims. In *Riley v. Olk-Long*, 282 F.3d 592 (8th Cir. 2002), the court stated:

> An Eighth Amendment claim for failure to protect is comprised of two elements. First, an "inmate must show that [he] is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). Second, the inmate must establish that the defendant prison official recklessly disregarded that risk. *Jackson v. Everett,* 140 F.3d 1149, 1151 (8th Cir. 1998). "For the purposes of failure to protect claims, it does not matter ... whether a prisoner faces an excessive risk of attack for reasons personal to [him] or because all prisoners in [his] situation face such a risk." *Hott v. Hennepin County, Minn.,* 260 F.3d 901, 906 (8th Cir. 2001) (internal quotations omitted). The question is whether a prison official has a "sufficiently culpable state of mind," meaning that [he] is deliberately indifferent to an inmate's safety. *Farmer,* 511 U.S. at 834 (internal quotation omitted). The prison official's state of mind is measured by a subjective, rather than an objective, standard. *Id.* at 838-39; *see also Jackson,* 140 F.3d at 1152 ("[D]eliberate indifference must be viewed from [defendant's] perspective at the time in question, not with hindsight's perfect vision."). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [he] must also draw the inference." *Farmer,* 511 U.S. at 837.

*Riley,* 282 F.3d at 595.  *See also Krein v. Norris*, 309 F.3d 487 (8th Cir. 2002).

In this case, Plaintiff alleges that Defendants not only where aware of the risk of harm to him but in fact took actions to create the unsafe environment.  There are genuine issues of fact as to whether Plaintiff was incarcerated under conditions posing a substantial risk of serious harm or that a pervasive risk of harm existed.  *See e.g., Norman v. Schuetzle*, 585 F.3d 1097, 1104 (8th Cir. 2009)(The facts as presented did not put the warden on notice that Meyers "presented a substantial risk of harm to inmates in the general population"); *Riley v. Jeffes*, 777 F.2d 143, 147 (3d Cir. 1985)("[a] pervasive risk of harm may not ordinarily be shown by pointing to a single incident or isolated incidents, but it may be established by much less than proof of a reign of violence and terror.").

With respect to his injuries, Plaintiff has alleged he suffered injuries to his face, neck, back, and other areas of the body.  This is sufficient to allege more than a *de minimus* injury.

Finally, any official capacity claims against Sheriff Stovall are the equivalent of claims against Miller County.  *Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007).  Miller County can only be held liable "if one of its customs or policies caused the violation of [Plaintiff's] rights." *Copeland v. Locke*, 613 F.3d 875, 882 (8th Cir. 2010).   The complaint and supplements to it contain no hint of a custom or policy of Miller County's that was the moving force behind the alleged constitutional violations.

### 5. Conclusion

For the reasons stated, the motion for judgment on the pleadings (ECF No. 25) will be

**GRANTED** in part and **DENIED** in part by separate order entered this same day.

**DATED** this **14th day of September 2011.**

                                                  /s/ Barry A. Bryant  
                                                 HON. BARRY A. BRYANT  
                                                 UNITED STATES MAGISTRATE JUDGE