IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MATTHEW JEWELL                                                    PLAINTIFF

v.                  Civil No. 4:10-cv-04176

FORMER SHERIFF LINDA RAMBO; and
MILLER COUNTY, ARKANSAS                                     DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Matthew Jewell filed this case pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. The case is before me pursuant to the consent of the parties (ECF No. 9).

Plaintiff has filed a motion for summary judgment (ECF No. 32). Defendants filed a response (ECF No. 33). Plaintiff then filed a reply brief (ECF No. 34). The motion is before me for decision.

**1. Background**

Plaintiff is currently an inmate in the Arkansas Department of Correction, Pine Bluff Unit. The events that are the subject of this case occurred while Plaintiff was incarcerated in the Miller County Correctional Facility (MCCF). According to the allegations of the complaint (ECF No. 1) and the supplemental complaints (ECF Nos. 12 & 19), on October 27, 2008, Plaintiff was physically assaulted by several fellow inmates who were members of an alleged street gang. (ECF No. 1 at pg. 12).

He alleges MCCF officers identified him as a snitch to other inmates and "broadcasted" that he was a "baby raper." (ECF No. 19 at pg. 2). He further alleges "Defendants further instigated the assault by asking other inmates how much it would cost to have the Plaintiff jumped on." (ECF No. 19 at pg. 2). As a result of the assault, Plaintiff maintains he sustained bruises on his arms, face, and head and injuries to his neck, back, and other areas of his body. (ECF No. 1 at pgs. 6-7). He also

-1-

alleges that after the assault he was "anxious and terrified that the inmates would beat" him again. (ECF No. 1 at pg. 4).

Plaintiff maintains Defendants created a hostile and unsafe housing environment at the MCCF. (Doc. 1 at pg. 12). He further alleges the Defendants are "directly responsible for the authorization of the physical attack[]." (Doc. 1 at pg. 7).

### 2. Discussion

"Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We view all evidence and inferences in a light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Plaintiff has not supported his motion with any affidavits or exhibits. His motion consists solely of his conclusory allegations. Summary judgment should not be granted "unless there is no issue of material fact and the moving party is entitled to judgment as a matter of law. " *Advantage Media, L.L.C. v. City of Eden Prairie*, 456 F.3d 793, 796 (8th Cir. 2006). To grant summary judgment in Plaintiff's favor would amount to adopting his version of the events without having been provided with any supporting factual information.

### 3. Conclusion

For the reasons stated, the Plaintiff's motion for summary judgment (ECF No. 32) is **DENIED**.

**DATED** this **19th day of January 2012.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE